UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SYLVIA J. MITCHELL, HUGH G. MITCHELL, | }<br>}<br>} |
| Plaintiffs, | }<br>} |
| v. | } CASE NO. CV 97-B-0612-S<br>} |
| E-Z SERVE CONVENIENCE STORES, INC., d/b/a MAJIK MARKET, | }<br>}<br>} |
| Defendant. | } |
| E-Z SERVE CONVENIENCE STORES, INC., d/b/a MAJIK MARKET, | }<br>}<br>} |
| Third-Party Plaintiff, | } |
| v. | } |
| HOME QUARTERS WAREHOUSE, INC. and RUST-OLEUM CORP., | }<br>} |
| Third-Party Defendants. | } |

**ENTERED**
AUG 0 5 1998

## MEMORANDUM OPINION

Currently before the court is the motion of the defendant, E-Z Serve Convenience Stores, Inc. ("defendant"), for summary judgment. Upon consideration of the record, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that defendant's motion is due to be denied.

This dispute arises out of an incident in which plaintiff Sylvia J. Mitchell ("Ms. Mitchell") slipped and fell while on defendant's premises. Plaintiff Hugh G. Mitchell, Sylvia



J. Mitchell's husband, brings a claim based on the alleged loss of his wife's companionship, services, and consortium as a result of her fall. In addition, defendant, as third-party plaintiff, has filed claims against third-party defendants Home Quarters Warehouse, Inc. and Rust-Oleum Corporation, seeking indemnity for all or part of plaintiffs' claims against defendant. Defendant now moves for judgment as a matter of law on the basis that plaintiff has failed to establish evidence from which a reasonable jury could conclude that defendant's negligence caused plaintiff's injury.

## FACTUAL SUMMARY

Plaintiff Sylvia J. Mitchell claims that she was involved in a "slip and fall" accident at defendant's "Majik Market" convenience store located at 1100 Centerpoint Parkway in Birmingham, Alabama. Ms. Mitchell claims that, on November 14, 1995, she arrived at defendant's convenience store, got out of her car, and started walking towards the store's entrance carrying a five-by-seven envelope. Before entering the store, Ms. Mitchell states that she decided to return the envelope to her car rather than carrying it into the store. Ms. Mitchell then states that she "turned around from the door to go back to the car to put the envelope in the car." (Def.'s Ex. D at 96.)[1]

Ms. Mitchell alleges that, at the time of her fall, she was walking to her car along a walkway adjacent to the store entrance. Her path of travel was between a support pole and the brick store front. (Pls.' Ex. 5; Pls.'s Ex. 4 ¶3.) Ms. Mitchell states that, as she planted her

---

[1] Defendant's evidentiary submissions are marked as Exhibits A-N. Plaintiffs' evidentiary submissions are marked as Exhibits 1-8. For purposes of this memorandum opinion, the court refers to such submissions as either "Def.'s Ex." or "Pls.' Ex.," followed by the applicable letter or number.

left foot and started to step off the walkway with her right foot, her left foot slipped a short distance and then off of the edge of the walkway. (Pls.' Ex. 6 at 101-03; Pls.' Ex. 4 ¶3.) She claims she then fell from the walkway onto the parking lot adjacent to the painted curb. There were no other witnesses to the accident. (Pls.' Ex. 6 at 114-15; Pls.' Ex. 4 ¶3.)

Defendant admits that the curb in front of its convenience store was painted on September 24, 1995. (Def.'s Ex. C.) Defendant states that, to the best of its knowledge, the paint utilized in painting the curb was "Safety Yellow" paint manufactured by third-party defendant Rust-Oleum Corporation. (*Id.*) Although Ms. Mitchell states in her deposition that she is not sure whether she stepped on the painted part of the curb when she slipped, she asserts that she did not step on or observe any other object at the site of her fall. (Pls.' Ex. 7.)

## SUMMARY JUDGMENT STANDARD

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* FED.R.CIV. P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. Rule 56 (c) mandates the entry of summary

3

judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322.

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted); *accord Spence v. Zimmerman.* 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255. The nonmovant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## DISCUSSION

Ms. Mitchell was clearly a business invitee upon defendant's premises at the time of her accident. As such, Ms. Mitchell was owed a duty by defendant to exercise reasonable care to keep the premises in a reasonably safe condition. *See Massey v. Allied Products Co., Inc.*, 523 So.2d 397, 398 (Ala. 1988). However, the owner of the premises is not the insurer of the safety of invitees and res ipsa loquitur is not applicable. Neither is there any presumption of negligence arising out of the mere fact of injury to the invitee. *See id.*(quoting *Shaw v. City of Lipscomb*, 380 So.2d 812, 814 (Ala. 1980)).

In order to survive defendant's motion for summary judgment, plaintiffs must be able to present evidence that Ms. Mitchell's fall was caused by a defect or instrumentality located on the premises as a result of defendant's negligence, and of which defendant had or should have had notice at the time of the accident. *See Massey*, 523 So.2d at 398 (citation omitted). Defendant argues that plaintiffs have not proved the essential elements of their claim. Defendant alleges that, because Ms. Mitchell admits in her deposition that she was not sure whether she had stepped on the painted portion of defendant's curb, defendant's motion for summary judgment is due to be granted. (*See* Def.'s Mot. for Summ. J. ¶ 4.)

However, as plaintiffs contend, plaintiffs need only present evidence from which a reasonable jury could infer that her slip and fall was caused by defendant's negligence. (*See* Pls.' Resp. to Def.'s Mot. for Summ. J. 4.) The court finds that plaintiffs have produced sufficient evidence to raise a genuine issue of material fact as to whether the paint on defendant's curb caused Ms. Mitchell to slip and fall. Such evidence consists of Ms. Mitchell's affidavit and deposition testimony, in which she avers that she slipped as she stepped on her left foot a short distance from the curb at the edge of the walkway. Defendant's answers to interrogatories show that the curb was newly painted with "Safety Yellow" paint. Finally, plaintiffs' expert, Barrett C. Miller, states in his affidavit that the paint used by defendant was "an enamel paint which negated the slip resistant qualities of the natural surface creating a slippery or slick surface along the walkway." (*See* Pls.' Ex. 2 ¶4.) The court finds that this evidence, viewed in a light most favorable to plaintiffs, is sufficient to withstand defendant's motion for summary judgment and create a triable issue of fact to be resolved by a jury.

## CONCLUSION

Plaintiffs have produced evidence raising a genuine issue of material fact as to whether defendant breached its duty of reasonable care owed to business invitees. Therefore, defendant's Motion for Summary Judgment is due to be denied. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 5th day of August, 1998.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge